UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAWN YOUNG,

                Plaintiff,         Case No. 15-cv-11028
                                          Honorable Marianne O. Battani
v.                                   Magistrate Judge Elizabeth A. Stafford

METROPOLITAN LIFE
INSURANCE COMPANY,

                Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION [R. 12], AND DENYING DEFENDANT'S MOTION TO STRIKE [R. 4] AS MOOT

On March 19, 2015, Defendant Metropolitan Life Insurance Company ("MetLife") removed the instant case to this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(f), as the case involves a dispute over employee benefits, governed by a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1002, 1132(a)(1)(B).  On April 10, 2015, plaintiff LaShawn Young moved to amend his complaint and for summary judgment.  [R. 3].  On April 15, MetLife moved to strike the motion, claiming it was untimely filed.  [R. 4].

On May 19, 2015, the Court held a scheduling conference in this matter.  Acknowledging that this case is procedurally bound by the holding

of *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 69 (6th Cir. 1998),

the Court orally requested that Young withdraw his motion for summary

judgment and refile it, along with any additional argument he wished to

make, after MetLife had filed the administrative record with the Court, so

that his filing would properly cite the administrative record as filed.  Thus,

Young has moved to withdraw his motion for summary judgment, and that

motion **[R. 12]** is **GRANTED IN RELEVANT PART**, and MetLife's motion to

strike that filing **[R. 4]** is **DENIED AS MOOT**.

In his motion, Young included a separate request for appointment of

counsel, asserting that he needs counsel to ameliorate the "severe

emotional distress, mental anguish, financial hardship, etc[.], caused by

MetLife's negligence, [and] plaintiff's former manager committing perjury

against plaintiff . . . etc[.],".  [R. 4, PgID 98].

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an

attorney to represent any person unable to afford counsel."  Appointment of

counsel under § 1915(e)(1) is not a constitutional right in a civil action; a

district court is vested with broad discretion to determine whether

"exceptional circumstances" warrant such an appointment.  *Lavado v.*

*Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993).  In making this

determination, the Court considers the nature of the case, the party's ability

2

to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Having review Young's case filings to this point, and considering the relevant factors, the Court finds that Young has not proffered the existence of exceptional circumstances to merit the appointment of counsel at this juncture.  Therefore, Young's motion **[R. 12]** is **DENIED IN PART WITHOUT PREJUDICE** to the extent it seeks appointment of counsel.

For the foregoing reasons, Young's motion **[R. 12]** is **GRANTED IN PART AND DENIED IN PART** as stated above.  MetLife's motion **[R. 4]** is **DENIED AS MOOT** and Young's motion for summary judgment **[R. 3]** is **STRICKEN** as being voluntarily withdrawn.

Dated:  May 28, 2015                    s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of

this order within which to file objections for consideration by the district

judge under 28 U.S. C. §636(b)(1).


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2015.


s/Marlena Williams
 MARLENA WILLIAMS
Case Manager

4