UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAWN YOUNG,

        Plaintiff,        Case No. 15-cv-11028
                                      Honorable Marianne O. Battani
v.                                 Magistrate Judge Elizabeth A. Stafford

METROPOLITAN LIFE
INSURANCE COMPANY,

        Defendant.
_____/

## ORDER STRIKING FILING [14]

On March 19, 2015, Defendant Metropolitan Life Insurance Company ("MetLife") removed the instant case to this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(f), as the case involves a dispute over employee benefits, governed by a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1002, 1132(a)(1)(B).  The Court held a scheduling conference in this matter, where the parties were apprised of the proper procedure for such cases and issued a corresponding scheduling order that permitted 45 days for the filing of the administrative record, as well as other applicable dates.  [R. 11].

On May 28, 2015, Young filed a letter with the Court alleging that MetLife's "stall tactics" caused him to be terminated from his employment. [R. 14].  He alleges that MetLife's removal of the case to federal court, and his required presence at the scheduling conference, caused him to miss training and work, resulting in his termination.

Young's filing **[R. 14]** is hereby **STRICKEN** for failing to comport to the Federal or Local rules of procedure, and as irrelevant to the issues present in this case.  This case is confined to the question of whether MetLife's decision to deny Young short-term disability benefits should be upheld or reversed, based solely on the administrative record.  The Court will not consider ancillary matters such as Young's termination from a separate job.

Further, the Court's rules require filings to be of proper type and format.  Appropriate filings include pleadings, motions, and briefs in support of, or responsive to, motions.  See Fed. R. Civ. P. 7.  Letters to the court are not acceptable filings.  *Id.*  Filings must also comport with the federal and local rules regarding format.  *See e.g.* Fed. R. Civ. P. 10; E.D. Mich. Local Rule 5.1, 7.1.  Despite Young's *pro se* status, he is nevertheless required to apprise himself of, and adhere to, the applicable court rules. Young is advised that any document that either fails to comport with the

2

applicable rules, or concerns matters irrelevant to this case, will be stricken without further notice.

**IT IS SO ORDERED.**

Dated:  May 19, 2015  　　　　　　s/Elizabeth A. Stafford
　　　　　　　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2015.

　　　　　　　　　　　　　　　　　s/Marlena Williams
　　　　　　　　　　　　　　　　　 MARLENA WILLIAMS
　　　　　　　　　　　　　　　　　Case Manager