UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAWN YOUNG,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

_____/

CASE NO. 2:15-cv-11028

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S COMBINED MOTIONS FOR SUMMARY JUDGMENT AND TO STAY PROCEEDINGS**

## I. INTRODUCTION

Before the Court are Plaintiff LaShawn Young's objections to the Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 36). Magistrate Judge Elizabeth A. Stafford considered the parties' cross motions for summary judgment and Plaintiff's motion to stay and, on August 5, 2016, entered an R&R. In the R&R, Magistrate Judge Stafford recommended that the Court grant Defendant Metropolitan Life Insurance Company's ("Met Life's") motion for summary judgment and deny Plaintiff's motions. For the reasons that follow, the Court **ADOPTS** the R&R (Doc. 35), **GRANTS** Met Life's Motion for Summary Judgment (Doc. 27), and **DENIES** Plaintiff's combined motions to stay and for summary judgment (Doc. 30).

## II. STATEMENT OF FACTS

As the parties have not objected to the R&R's summary of the background, the Court adopts that portion of the R&R. (See Doc. 35, pp. 2-3).

### III. STANDARD OF REVIEW

#### a. Review of a Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. Thomas v. Arn, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation.* See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. See Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

#### b. Review of an ERISA Denial

A district court reviews an ERISA plan administrator's denial of benefits *de novo*, unless the plan gives the administrator discretionary authority to determine eligibility for benefits. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Cox v. Standard Ins. Co., 585 F.3d 295, 299 (6th Cir. 2009). If the plan gives the administrator discretionary authority, the Court applies the highly deferential "arbitrary and capricious" standard of review. Cox, 585 F.3d at 299. "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not

2

arbitrary or capricious." Schwalm v. Guardian Life Ins. Co. of Am., 626 F.3d 299, 308 (6th Cir. 2010) (quoting Shields v. Reader's Digest Ass'n, Inc., 331 F.3d 536, 541 (6th Cir. 2003)).  That is, even where a claimant has introduced evidence that might be sufficient to support a finding of disability, the decision is neither arbitrary nor capricious if it is the result of a deliberate, principled reasoning process and is supported by substantial evidence.  Id.  Here, as noted in the R&R, the policy contains language granting discretionary authority to Met Life; therefore, the Court reviews this case under the highly deferential "arbitrary and capricious" standard.

## IV.   DISCUSSION

Plaintiff's first objection maintains that he was not permitted sufficient time to develop and appeal his short-term disability claim after Met Life's denial.  Plaintiff avers he was mistreated during a "traumatic consultation" with psychiatrist Varsha Karamchandi on March 6, 2014.  Approximately two weeks later, on March 20, 2014, Met Life denied Plaintiff's short term disability claim.  (Doc. 16, Administrative Record ("AR") 311-13).  This denial stated that Plaintiff had 180 days to appeal the decision or supplement the record with new evidence.  (Id.).  Plaintiff claims that Met Life's appeal deadline was unreasonable because he was unable to afford medical or psychiatric services, given that he was unable to earn an income.  Accordingly, he claims that Met Life should have afforded him more time or referred him to a psychiatrist of Met Life's choice.

The same argument was advanced before the Magistrate Judge and rejected in the R&R.  The Magistrate Judge noted that Plaintiff had until September 2014 to obtain supplemental medical evidence and appeal Met Life's denial but that he submitted his

appeal in June 2014 without any additional medical evidence.  (See id. at AR 305).

Further, the R&R noted that the record does not reflect that Plaintiff ever attempted to secure a psychiatrist during this time.  To the extent Plaintiff argues that his lack an income rendered him unable to afford medical care, the plan required him to have already been under the regular care of a psychiatrist at the time of the alleged onset of his disability:

> A period of disability starts on the first day you are disabled as a direct result of a significant change in your physical or mental condition that occurs while you are covered under this plan.  You must be under the regular care of a **physician**.  (You will not be considered to be under the regular care of a **physician** more than 31 days before the date he or she has seen and treated you in person for the disease or **injury** that caused your disability.)

(Id. at AR 7 (emphasis in original)).  The plan specifies that "[t]o be under the regular care of a physician means that you are attended by a physician . . . [w]ho specializes in psychiatry if your disability is caused to any extent by a mental health or psychiatric condition . . . ."  (Id. at AR 23).  Plaintiff last worked on January 12, 2014, and alleged a disability onset date of January 13, 2014.  (Id. at AR 362-64).  Plaintiff has supplied no records indicating that he had been treated by a specialist in psychiatry at the time of the alleged onset date, which coincided with the time he was employed and earning an income.  Therefore, he is unable to establish disability resulting from anxiety beginning on the alleged onset date.  Furthermore, because it is the plaintiff's burden to demonstrate disability and not the administrator's burden to counter every unsubstantiated conclusion he asserts, Met Life was under no obligation to refer Plaintiff to a specialist at its own expense.  See Koning v. United of Omaha Life Ins. Co., 627 F.

4

App'x 425, 440 (6th Cir. 2015) (McKeague, J., concurring).  Accordingly, this objection fails to establish that the Magistrate Judge erred.

Plaintiff's second objection attempts to illustrate the extended amount of time necessary to accomplish various tasks – such as finding a new psychiatrist – by citing certain deadlines imposed on the parties by the Court.  Because the Court has already responded to Plaintiff's first objection regarding the lack of sufficient time to acquire a new psychiatrist, it is not necessary to do so again.

Plaintiff's third and final objection asserts that (i) Met Life's denial of benefits was illogical and irrational because it sends Plaintiff back into a hostile work environment, which was the cause of his psychological disabilities and (ii) Met Life maliciously and negligently erred by seeking information from psychiatrist Varsha Karamchandani in spite of Plaintiff's instructions not to contact her.  Firstly, the present claim is not a Title VII action alleging a hostile work environment.  Met Life's responsibility was simply to administer the plan in accordance with its terms and to render a determination regarding Plaintiff's disability that was supported by a reasoned explanation and substantial evidence.  As concluded in the R&R, Met Life met that obligation.  Secondly, the Magistrate Judge considered Plaintiff's argument regarding Met Life seeking information from Dr. Karamchandani.  The R&R notes that Plaintiff cites no legal authority requiring Met Life to seek information only from sources of his choosing.  (Doc. 35, p. 11).  Additionally, the R&R observes that Dr. Karamchandani's alleged mistreatment was immaterial to Met Life's ultimate decision, as the denial was based on the overall lack of medical support and on reports from reviewing medical sources.  (Id. at 11-12).  Plaintiff has not specifically identified the source of the Magistrate Judge's alleged error but

rather merely disagrees with the conclusions.  See VanDiver v. Martin, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context.").  As such, both of Plaintiff's arguments advanced in his third objection are unavailing.

## IV.   CONCLUSION

For the foregoing reasons, the Court the Court **ADOPTS** the R&R (Doc. 35), **GRANTS** Met Life's Motion for Summary Judgment (Doc. 27), and **DENIES** Plaintiff's combined motions to stay and for summary judgment (Doc. 30).

**IT IS SO ORDERED.**

Date:   September 16, 2016          s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 16, 2016.

                                    s/ Kay Doaks
                                    Case Manager

6